*sas*, 435 U. S. 475, 489 (1978), "when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic."*

Our recent cases make clear that, contrary to the Court of Appeals' conclusion below, denial of counsel at any critical stage of a criminal prosecution is *per se* constitutional error. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland* v. *Washington*, 466 U. S. 668, 692 (1984). "The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States* v. *Cronic*, 466 U. S. 648, 659 (1984) (footnote omitted). Petitioner's capital trial was unfair for precisely this reason. The Court of Appeals' casual conclusion that "[c]ounsel could not have revealed defects in the State's case so great that the magistrate would have refused to bind the petitioner over to the State's custody," 796 F. 2d, at 1327, is nothing more than speculation of a kind which the Constitution will not countenance. Mere recitation of the words "harmless error" is not a constitutionally sufficient basis on which to permit the State to deny the assistance of any lawyer at all to a defendant against whom the State is seeking the death penalty.

I dissent from the denial of the petition for certiorari.

No. 85–7189.   WILEY v. MISSISSIPPI, *ante*, p. 906;
No. 86–236.   MARENO v. ROBERTS, COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, *ante*, p. 878;
No. 86–278.   JENSEN v. UNITED STATES, *ante*, p. 924;
No. 86–5316.   VESAY v. UNITED STATES, *ante*, p. 887;
No. 86–5319.   GIBSON v. KIVETT ET AL., *ante*, p. 887;
No. 86–5327.   GILREATH v. KEMP, WARDEN, *ante*, p. 890; and
No. 86–5346.   MIESBAUER v. KANSAS, *ante*, p. 888.   Petitions for rehearing denied.

---

*It is not open to question that the preliminary hearing held below was a "critical stage" in petitioner's prosecution. See *Coleman* v. *Alabama*, 399 U. S. 1, 9–10 (1970).