515 So.2d 1177 (1987)
James Earl LUSTER
v.
STATE of Mississippi.
No. 57179.
Supreme Court of Mississippi.
November 25, 1987.
*1178 James D. Minor, Minor & Barnes, Oxford, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.,
ANDERSON, Justice, for the Court:
Appellant James Earl Luster and Verdell Davis were indicted and jointly tried on a charge of murder in the Circuit Court of Alcorn County. Davis was found innocent by the jury, but the appellant was found guilty of manslaughter and sentenced to twenty years' imprisonment.
Appellant brings this appeal alleging Miranda violations, failure to establish the corpus delicti, insufficiency of evidence and improper presence of alternate jurors during deliberation. After careful review of each allegation, we find no error so prejudicial as to warrant reversal and we affirm.
As the result of a love triangle, Norman Darnell died 27 days after being shot by *1179 appellant James Luster. Luster had lived with Joyce Floyd for approximately four to six years without the benefit of marriage. The home they shared in Corinth, MS belonged to Floyd and her children by a prior marriage.
Several weeks prior to the shooting, Floyd left Luster, taking several of her children with her. She went to Memphis where she and Norman Darnell rented an apartment. Shortly after Floyd left, Luster moved out of the Corinth house.
On July 27, 1983, Floyd and Darnell returned to the house in Corinth with the intention of spending the night and packing and moving the next day. At approximately 10 or 10:30 p.m., the appellant, carrying a single-shot 12 gauge shotgun and accompanied by Verdell Davis opened the locked rear door and entered the house. They confronted Floyd and Darnell who were in bed asleep. Appellant hit the victim with his gun and shot him once in the shoulder. Appellant then went outside and shot Darnell a second time through a bedroom window.
Darnell, although shot in the shoulder and abdomen, managed to get from the house to his car. He died three weeks later in a Tennessee hospital.
Appellant alleges that after he entered the room, Darnell pulled a gun and he shot in self-defense. A cocked pistol was found on the floor near the bed. Appellant remained at the scene of the shooting until police arrived.

I.
The appellant approached Officer Steen at the scene of the shooting and said, "I shot my best friend." Steen asked why and appellant replied because of his money, or monkey or something. Steen placed appellant in his patrol car and then asked what he had done with the gun. The appellant got out of the car and retrieved the gun from the roadside.
Steen at no time gave appellant any Miranda warnings. At trial, Steen was permitted to testify that Luster produced the weapon when requested. Further, a weapon was exhibited to the jury. Appellant alleges this to be reversible error.
It is uncontradicted that the first statement confessing the shooting was voluntary and unsolicited and therefore clearly admissible. Dixon v. State, 465 So.2d 1092, 1097 (Miss. 1985); Fornett v. State, 392 So.2d 1154, 1155 (Miss. 1981); Neal v. State, 386 So.2d 718, 720 (Miss. 1980). As to subsequent questioning as to why appellant shot Luster, this Court recently in Tolbert v. State, 511 So.2d 1368 (Miss. 1987), addressed a similar situation. The defendant there was pointed out to the police as the shooter at the scene of the crime. The officer asked, "Can you tell me anything about it?" and the defendant replied, "I shot her." This Court repeated the well established rule under such circumstances, that where the interrogation is part of the "general on-the-scene investigation," Miranda warnings are not a prerequisite to the admissibility of the defendant's statements.
The question of "why" in the case at bar would likewise be admissible under the Miranda exception for on-scene investigation.
Finally, the appellant argues that the gun and testimony regarding it should have been suppressed. The appellant had been placed in the patrol car and was undoubtedly in custody. Clearly his rights should have been read to him. However, we note that the defendant admitted the shooting and in no way disputed the existence or identification of the gun.
In essence, this improperly admitted evidence was neither inculpatory nor exculpatory and of no consequence in the resolution of this case. The appellant admitted shooting the victim with the same or similar weapon. Exhibition and/or identification of the gun was immaterial. Cobb v. State, 83 So.2d 833, 226 Miss. 181 (1955); Galloway v. State, 342 So.2d 1306 (Miss. 1977). The improper admission of the gun and related testimony resulted in no prejudice and constituted no more than harmless error.

*1180 II.
Appellant alleges that the corpus delicti of a criminal homicide was not established because 21 days elapsed between the injury and death and there was no expert or lay testimony as to the cause of death at trial.
The death certificate and medical examiner's report were admitted into evidence by stipulation. The death certificate listed the cause of death as cardio-pulmonary arrest due to or as a consequence of generalized sepsis and multiple systems failure due to or as a consequence of gunshot wound to the abdomen. The report of the medical examiner also listed the gunshot wound (GSW) as the cause of death.
This Court has held "cause of death may be established not only by a physician or pathologist, but by lay and circumstantial evidence." Wiley v. State, 449 So.2d 756, 760 (Miss. 1984); (appeal after remand, 484 So.2d 339, cert. den., ___ U.S. ___, 107 S.Ct. 304, 93 L.Ed.2d 278, reh. den., ___ U.S. ___, 107 S.Ct. 604, 93 L.Ed.2d 604).
The documents introduced were sufficient to establish Darnell's death by means of a criminal agency and appellant introduced no evidence to the contrary.

III.
Appellant's challenge to the sufficiency of the evidence is also unpersuasive. The record shows that Floyd admittedly told different stories regarding the incident. However, she was thoroughly cross examined in the presence of the jury as to each of the statements made.
The jury had all the facts before it and this Court has repeatedly held that the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses. Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980); Pearson v. State, 428 So.2d 1361 (Miss. 1983).

IV.
After closing arguments by both sides, Judge Wicker instructed the two alternate jurors to retire with the jury and to:
Go back there and not say a word, just take a seat over there in the corner and without participating in the discussion, listen to it so if somebody gets sick or some extreme emergency comes up while you are deliberating, we won't have to declare a mistrial and begin all over again at another term. Do you two alternate jurors, will you promise me that you will do that if I let you go back with the others to the jury room?
MCA § 13-5-67 (1972) provides in part "An alternate juror who does not replace a regular juror shall be discharged at the time the jury retires to consider its verdict." The action of the judge was clearly in violation of this statute. We would state unequivocally here that alternate jurors are to be discharged in accord with the statute and are not to be present or participate in deliberations under any circumstances not prescribed by statute. While we hold that the actions of the court were improper, the record is void of any showing that appellant attempted to poll the jury as was permissible under Uniform Criminal Rules of Circuit Court 5.14 or to show in any way that prejudice resulted from the actions of the court. We presume that the alternate jurors followed the court's instructions and refrained from any participation in the deliberation. Since there is no showing of any resulting prejudice, we find no more than harmless error.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.