# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-DR-00708-SCT

*HENRY CURTIS JACKSON, JR.*

*v.*

*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING ON MOTION FOR APPOINTMENT OF COUNSEL AND PAYMENT OF REASONABLE LITIGATION EXPENSES

| | |
|---|---|
| ATTORNEY FOR APPELLANT: | C. JACKSON WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | MOTION FOR APPOINTMENT OF COUNSEL AND REASONABLE ATTORNEY FEES |
| DISPOSITION: | GRANTED - 1/28/99 |
| MOTION FOR REHEARING FILED: | 9/3/98 |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. The original opinion is withdrawn, and this opinion is substituted therefor. Henry Curtis Jackson, Jr. seeks to have the State provide attorney compensation and reasonable litigation expenses in his attempt to seek post-conviction relief pursuant to Miss. Code Ann. § 99-39-1 (1994), et seq. for his conviction and death sentence. This Court has previously denied all motions in other capital cases requesting similar relief. *See **Lockett v. State**,* 614 So. 2d 888 (Miss. 1992). Over the years, it has become apparent that the system is flawed. Valuable time and resources are being wasted in finding representation for death row inmates seeking post-conviction relief, especially since all remedies available under the UPCCRA must be exhausted before federal habeas relief may be sought. We find at this time that recognition of the nature of death penalty litigation in the courts of this state, coupled with the ultimate penalty the State seeks to impose, requires that the motion be granted, that counsel be appointed, and that reasonable expenses of litigation be allowed.

### I.

¶2. Henry Curtis Jackson, Jr. was convicted of capital murder and sentenced to death in the stabbing deaths of four nieces and nephews in Leflore County Circuit Court in 1991. *See **Jackson v. State**,* 684 So. 2d 1213 (Miss. 1996). Jackson was represented by Johnnie Walls at trial and on direct appeal. After

Jackson's conviction and death sentence were affirmed by this Court, Walls failed to file a petition for rehearing on behalf of his client within the allotted time and never moved to withdraw from representing him. Jackson's execution was set for August 21, 1996.

¶3. On August 6, 1996, another attorney, C. Jackson Williams,[1] filed on behalf of Jackson, in this Court, an Entry of Appearance as Jackson's attorney, Motion for Stay of Execution and Application for Leave to File Out of Time Petition for Rehearing and/or for Recall of the Mandate. Jackson's execution was stayed by this Court and the petition for rehearing was filed, considered and denied. A petition for writ of certiorari was filed in the United States Supreme Court March 5, 1997, and denied May 12, 1997. Jackson's execution was then reset by this Court for July 9, 1997, and was stayed by the United States District Court on July 1, 1997. Williams filed Jackson's Application for Post-Conviction Relief in this Court on May 8, 1998.

¶4. Williams has now filed in this Court on behalf of Jackson a Motion for Appointment of Counsel and Payment of Reasonable Litigation Expenses. Williams states that he has raised in the Application issues "that require paid expert assistance and investigation in order to be adequately addressed" and that if supplied with funds he would hire a forensic psychologist or psychiatrist to review the mental evaluations performed on Jackson before his trial to determine whether insanity was a viable defense, which could lead to a claim of ineffective assistance of counsel. *See Jackson*, 684 So. 2d at 1226 (Jackson abandoned insanity defense during guilt phase of trial). Williams finally asks that this Court "appoint, compensate, and pay reasonable litigation expenses of the undersigned, including the expenses of a forensic psychologist and a forensic psychiatrist, to prepare and file a petition for Post-Conviction Relief on his behalf." This Court ordered that the State respond to the motion, and that response has been filed and considered. We find that Jackson's motion should be granted.

II.

¶5. A judgment of conviction and sentence of death shall be subject to automatic review by this Court. *See* Miss. Code Ann. § 99-19-101(4)(1994); § 99-19-105 (Supp. 1997). The Constitution of Mississippi requires appointment of counsel pursuant to that automatic review. *See also* Miss. Code Ann. § 99-15-15 (1994). Where the conviction and sentence of death are affirmed by this Court, the appellant may then file a petition for writ of certiorari with the United States Supreme Court to have it review the conviction and sentence.

¶6. Assuming relief is sought and denied in the United States Supreme Court, the appellant may then apply to this Court for relief under the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29 (1994)("UPCCRA"). The purpose of the Act is

> to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences. Specifically, this chapter repeals the statutory writ of error coram nobis, supersedes Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation, error coram nobis, error coram vobis, and post-conviction habeas corpus, as well as statutory post-conviction habeas corpus. The relief formerly accorded by such writs may be obtained by an appropriate motion under this chapter.

Miss. Code Ann. § 99-39-3(1)(1994). The Act provides "a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2)(1994).

¶7. Where a conviction and sentence have been appealed to this Court and affirmed, or the appeal dismissed, an application under the UPCCRA must be filed in this Court. Miss. Code Ann. § 99-39-7 (1994). This Court may grant or deny any or all relief requested in the application or allow the filing of the motion in the trial court. § 99-39-27(7)(a) & (b)(Supp. 1997). The trial court then reviews the motion and any response and determines if the motion should be dismissed or if an evidentiary hearing should be held. Miss. Code Ann. § 99-39-19(1)(1994). "If an evidentiary hearing is required the judge *may* appoint counsel for a petitioner who qualifies for the appointment of counsel under section 99-15-15, Mississippi Code of 1972." Miss. Code Ann. § 99-39-23(1)(1994)(emphasis added). Nothing in the UPCCRA requires that one seeking relief be furnished counsel, either at the trial level or on appeal. *See also Harris v. State*, 704 So. 2d 1286 (Miss. 1997)(defendant not entitled to appointed counsel on further discretionary review after direct appeal decided by Court of Appeals).

¶8. The writ of habeas corpus has been a hallmark in the protection of our individual freedoms since being brought to this country by our forefathers from England. It is a civil action brought to test the legalities of confinement and to enforce the civil right of personal liberty. The writ is usually brought by a person who is the subject of a criminal prosecution to enforce his right of liberty. In following the tradition of habeas corpus practice, the Legislature further stated that an application for post-conviction relief "shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed." Miss. Code Ann. § 99-39-7(1994). Though this Court treats this statutory classification with respect, it is obvious that actions under the UPCCRA, which collaterally attack criminal convictions, are a unique kind of civil action. *See Johnson v. State*, 623 So. 2d 265 (Miss. 1993)(claimant appealing from denial of post-conviction relief may proceed in forma pauperis in contrast to other civil appeals). The reality is that post-conviction efforts, though collateral, have become an appendage, or part, of the death penalty appeal process at the state level. The importance of state post-conviction remedies is heightened by the requirement that, with few exceptions, state remedies must be exhausted before relief can be sought through federal habeas corpus. *See* 28 U.S.C. § 2254(b)(1994); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

¶9. Certain issues must often be deferred until the post-conviction stage, such as the claim of ineffective assistance of counsel. Our practice has been, in recent appeals, to deny appellate counsel leave to withdraw from capital cases which have reached the post-conviction stage unless the appellant agrees to proceed pro se or substitute counsel may be found. Obtaining qualified substitute counsel willing to proceed pro bono on this type of specialized, complex and time-consuming litigation is almost impossible. This practice ignores the reality that the state post-conviction stage is particularly important in capital cases, and that having the same counsel represent the condemned in appellate proceedings and post-conviction actions prevents counsel from raising the claim of ineffective assistance of trial or appellate counsel at the post-conviction stage. This practice also ignores the reality that indigent death row inmates are simply not able, on their own, to competently engage in this type of litigation. Applications for post-conviction relief often raise issues which require investigation, analysis and presentation of facts outside the appellate record. The inmate is confined, unable to investigate, and often without training in the law or the mental ability to comprehend the requirements of the UPCCRA. The inmate is in effect denied meaningful access to the courts by lack of

funds for this state-provided remedy.

¶10. Though not a criminal case, the United States Supreme Court has recognized that this Court could not deny access to the state appeal process because of lack of funds where a fundamental right was involved in civil litigation. In *M.L.B. v. S.L.J.,* 117 S.Ct. 555 (1996), the Supreme Court found that this Court could not dismiss an appeal due to the appellant's failure to pay the appeal costs in a civil case where the issue at stake was termination of the appellant's parental rights. "[W]e place decrees forever terminating parental rights in the category of cases in which the State may not 'bolt the door to equal justice.'" *M.L.B.,* 117 S.Ct. at 568. Access to equal justice is an even greater interest where the State seeks to impose the penalty of death.

¶11. In *Murray v. Giarratano,* 492 U.S. 1 (1989), Chief Justice Rehnquist, joined by three other justices, found that there was no constitutional right to counsel, provided by the state, in post-conviction proceedings. Justice Kennedy concurred in the judgment, saying that "no prisoner on death row in Virginia has been unable to obtain counsel to represent him in post-conviction proceedings, and Virginia's prison system is staffed with institutional lawyers to assist in preparing petitions for post-conviction relief. I am not prepared to say that this scheme violates the Constitution." *Murray,* 492 U.S. at 14-15. In Mississippi, repeatedly, since 1995, death row inmates have been unable to obtain counsel or requisite help from institutional lawyers. The Legislature has been aware of this acute problem. In the 1998 session, it took the first step toward the institution of a statewide public defender system. It is strongly urged that the Legislature proceed toward a solution to this serious problem by enacting the program utilized in Virginia or some other system. We can no longer sit idly by. We therefore grant the motion.

III.

¶12. In summary, we find that Henry Curtis Jackson, Jr., as an indigent, is deprived of assistance of counsel and access to the court system in his attempt to obtain state post-conviction relief from his conviction and sentence. We further find that in capital cases, state post-conviction efforts, though collateral, have become part of the death penalty appeal process at the state level. We therefore find that Jackson, as a death row inmate, is entitled to appointed and compensated counsel to represent him in his state post-conviction efforts. This matter is remanded to the Leflore County Circuit Court for appointment of counsel for Jackson and consideration of reasonable litigation expenses. Whether appointed counsel may receive litigation expenses in part to hire a forensic psychiatrist or psychologist depends on the nature of the request, and rests in the discretion of the circuit court.

¶13. **MOTION FOR APPOINTMENT OF COUNSEL AND PAYMENT OF REASONABLE LITIGATION EXPENSES GRANTED. REMANDED TO THE LEFLORE COUNTY CIRCUIT COURT FOR APPOINTMENT OF COUNSEL FOR HENRY CURTIS JACKSON, JR., AND CONSIDERATION OF REASONABLE LITIGATION EXPENSES.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., AND BANKS, J., CONCUR. MILLS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND WALLER, JJ. SMITH, J., NOT PARTICIPATING.**

**MILLS, JUSTICE, SPECIALLY CONCURRING:**

¶14. Representation by counsel in pre-conviction capital proceedings is a fundamental right of the accused guaranteed by this nation's constitutional jurisprudence. *See Gideon v. Wainwright*, 372 U.S. 335 (1963) . This right has not been extended to post-conviction relief proceedings. *See Murray v. Giarratano*, 492 U.S. 1 (1989). The majority errs by stating, without authority, that such a right is found in the Mississippi Constitution of 1890. A right to counsel in post-conviction relief proceedings can be found in neither the Eighth Amendment of the United States Constitution nor the Due Process clauses of the Federal or State Constitutions. Such a post-trial right is constitutionally nonexistent and beyond our judicial ken to legislate on this matter. However, Miss. Code Ann. § 99-15-15 (1994) requires that " . . . such representation [is] available at every critical stage of the proceeding against him where a substantial right may be affected." Though the statute does not define the term "critical", layman's logic dictates the conclusion that proceedings to test the validity vel non of trial court orders of execution are critical. I would find simply that post-conviction proceedings undertaken pursuant to Miss. Code Ann. § 99-39-5 constitute a critical stage in the proceedings in capital felony cases and therefore counsel should be provided.

¶15. I would limit the majority opinion to the issue before us, that being whether an indigent defendant on death row is entitled to counsel when filing post conviction relief actions. I would find this to be a critical stage of the proceedings and would require appointment of counsel, whether paid for by the county or the state, before further actions could be taken. I therefore specially concur.

**ROBERTS AND WALLER, JJ., JOIN THIS OPINION.**

1. By order dated July 1, 1997, Williams was appointed by the United States District Court for the Northern District of Mississippi (Western Division) to represent Jackson in his petition for habeas corpus pursuant to 28 U.S.C. § 2254, only for the purpose of the federal appeal. Williams also filed Jackson's petition for certiorari with the United States Supreme Court. Johnny Walls, Jackson's trial and appellate attorney, has never filed a motion to withdraw; pursuant to our decision in *Harris v. State*, 704 So. 2d 1286 (1997), his representation was effectively terminated when the decision was handed down.