# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-DR-00046-SCT

*WILLIE C. RUSSELL*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF MANDAMUS OR INTERLOCUTORY APPEAL

| | |
|---|---|
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLIVE STAFFORD SMITH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARVIN L. WHITE, JR. |
| DISPOSITION: | PETITION FOR INTERLOCUTORY APPEAL IS DENIED; PETITION FOR EXTRAORDINARY RELIEF IS GRANTED, AND THIS CAUSE IS REMANDED TO THE CIRCUIT COURT OF SUNFLOWER COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION AND THE ORDER ENTERED CONCURRENTLY WITH THIS OPINION - 01/18/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BANKS AND McRAE, P. JJ., AND WALLER, J.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This matter has come before the Court on a petition filed by Willie C. Russell styled Petition for Writ of Mandamus and/or Interlocutory Appeal Certified by Hon. Gray Evans, Judge, Requesting Guidance on the Trial Court's Discretion to Authorize Discovery Concomitant with the Appointment of Counsel and Investigative Assistance in Capital Post-conviction Cases. We find that although interlocutory appeal in this matter should be denied, the relief sought by way of petition for extraordinary relief or mandamus under Mississippi Rules of Appellate Procedure, Rule 21 should be granted to the extent set forth herein. By order entered today, such relief is granted in this case. In order to provide guidance to the bench and bar in dealing with discovery issues in capital post-conviction proceedings, this opinion is issued concurrently with such order, a copy of which is attached as Exhibit "A" hereto. His conviction and sentence were affirmed on direct appeal. *Russell v. State*, 670 So. 2d 816 (Miss. 1995).

¶2. Willie C. Russell was convicted of capital murder and sentenced to death. In January, 1997, he filed a rudimentary application for post-conviction relief through his trial and appellate counsel. In that petition, his counsel stated that there are issues concerning the effectiveness of his representation at trial and on direct appeal which cannot realistically be raised by themselves and that they sought to be allowed to withdraw, with other counsel appointed to represent Russell in adjudicating post-conviction questions. Thereafter, pursuant to *Jackson v. State*, 732 So. 2d 187 (Miss. 1999), Russell's prior counsel was allowed to withdraw, and present counsel was appointed.

¶3. Russell has sought in the circuit court discovery of records in the possession of Mississippi Department of Corrections and in the possession of the prosecution which include prison visitation records, Russell's own prison records, possibly exculpatory information alleged to have been suppressed by the prosecution, and evidence which he asserts will tend to show material fabrication of prison records. On December 16, 1999 and February 8, 2000, the circuit judge entered several orders, ex parte, authorizing compulsory process and directing the delivery of documents by MDOC and others. Thereafter, the December 16, 1999, order was vacated and correspondence and hearings resulted in the filing of the present petition with this Court, with Judge Evans's endorsement. The pending petition does not seek a ruling on the specific entitlement to any of these items; rather, it seeks an adjudication of the authority and jurisdiction of the trial court to hear and determine them at this stage of the proceedings.

¶4. Russell does, however, set out in his petition in limited detail the nature of the issues which he intends to argue in order to demonstrate that Judge Evans may find justification for the discovery and to negate any argument that he is simply on a fishing expedition. Without detailing his arguments and theory here, it is sufficient to say that upon hearing Judge Evans may find justification for the discovery sought.

¶5. The State argues that the case was remanded to the circuit court solely for the appointment of counsel, and that under the post-conviction statutes, discovery is to be had, if at all, after this Court has granted leave to proceed on the motion for post-conviction relief. However, Russell will be required to file with his supplementary application to proceed in the trial court a fully developed motion for post-conviction relief. Under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et seq. (2000), Russell must include in his motion specific statements of facts not within his personal knowledge and submit affidavits of witnesses who will testify with copies of documents and records that will be offered. *Id.* § 99-39-9(1)(e). Under § 99-39-11(2) failure to comply with these requirements may result in the summary dismissal of his post-conviction motion, and, under § 99-39-27(5), this Court may not grant leave to proceed unless his filings "present a substantial showing of the denial of a state or federal right." Further, Russell, as all others, is, upon entry of a final order and subject to only limited exceptions, allowed a single post-conviction motion by virtue of the successive writ bar of § 99-39-23. Because of these strictures, he argues that he must be able to obtain and to compel production of the evidence prior to the filing of the post-conviction application and motion in order to include them in compliance with the statute. Judge Evans, in his response to the petition, which this Court requested, states the problem well:

> When an offender has directly appealed his conviction and sentence to the Supreme Court, before he is allowed to file his motion with the circuit court, he must first file his motion with the Supreme Court. Petitioner's motion must contain specific facts and be accompanied by supporting documentation to stand up to judicial review. Although the State's Attorney takes great umbrage at this Court granting Petitioner any discovery, it only stands to reason that a Petitioner would need access to some information and documentation before he is able to properly form his potential legal claims.

In the case at bar, the Supreme Court ordered this Court to appoint counsel for Petitioner and to grant him investigative assistance. Surely the Court did not go through the trouble of granting Petitioner an attorney and investigative assistance if it intended to foreclose any real opportunity to produce a meaningful, complete petition. The Circuit Court in this case must be allowed to grant some initial discovery. Absent this authority, appointment of counsel and investigative assistance would be meaningless.

¶6. In its response, the State objects to the fact that proceedings regarding discovery were conducted in camera without notice to the State or an opportunity for the State to be heard and asks that if the Court determines that discovery at this stage should be allowed, such matters not be handled ex parte in the trial court.

¶7. During the past year, the Mississippi Legislature has taken action to reform the post-conviction process in death penalty cases. On July 27, 2000, this Court amended Rule 22 of the Mississippi Rules of Appellate Procedure to provide direction in such matters, and to the extent that the statutory and rule changes are remedial, they should be given application in cases pending at the time of their adoption. Rule 22 addresses the discovery and disclosure issues now before us.

Upon appointment of counsel, or the determination that the petitioner is represented by private counsel the petitioner's prior trial and appellate counsel shall make available to the petitioner's post-conviction counsel their complete files relating to the conviction and sentence. The State, to the extent allowed by law, shall make available to post-conviction counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed and the prosecution of the petitioner. If the State has a reasonable belief that allowing inspection of any portion of the files by post-conviction counsel for the petitioner would not be in the interest of justice, the State may submit for inspection by the convicting court those portions of the files so identified. If upon examination of the files, the court finds that such portions of the files could not assist the capital petitioner in investigating, preparing, or presenting a motion for post-conviction relief, the court in its discretion may allow the State to withhold that portion of the files. Discovery and compulsory process may be allowed the petitioner from and after the appointment of post-conviction counsel or the determination that the petitioner is represented by private counselor or is proceeding pro se, but only upon motion indicating the purpose of such discovery and that such discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner in good fath believes to be in question and proper for post-conviction relief, and order entered in the sound discretion of the court . . . .

M.R.A.P. 22(c)(4)(ii).

¶8. The State is justified in its complaint regarding excessive use of ex parte proceedings on discovery. The rule recognizes the burden placed on the inmate to file fully developed post-conviction pleadings. At the same time, the State is entitled to resist unwarranted discovery as well as unnecessary awards of investigative expenses, which will, at least implicitly, condone the areas of inquiry to be pursued in the investigation. Ex parte presentation should be available in proceedings for expenses and discovery, but only after a determination that disclosure to the State is incompatible with a meaningful opportunity to prepare the defendant's case. This necessarily entails service on the Attorney General of pleadings and notice of hearings.

¶9. To the extent that discovery is allowed, the inmate is entitled to the compulsory process of the court. It would be of no avail to declare that Russell is entitled to discovery, but not entitled to the process of the court to compel responsiveness.

¶10. For these reasons, we deny the petition for interlocutory appeal, and grant the petition for extraordinary relief to the extent stated in the order entered concurrently with this opinion, and remand this case to the Circuit Court of Sunflower County for further proceedings consistent with this opinion and the order entered concurrently with this opinion.

¶11. **PETITION FOR INTERLOCUTORY APPEAL IS DENIED. PETITION FOR EXTRAORDINARY RELIEF IS GRANTED, AND THIS CAUSE IS REMANDED TO THE CIRCUIT COURT OF SUNFLOWER COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION AND THE ORDER ENTERED CONCURRENTLY WITH THIS OPINION.**

**PITTMAN, C.J., BANKS AND McRAE, P. JJ., SMITH, MILLS, COBB AND DIAZ, JJ., CONCUR. EASLEY, J., NOT PARTICIPATING.**

**EXHIBIT "A" TO OPINION**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 97-DR-00046-SCT**

**WILLIE C. RUSSELL**

**v.**

**STATE OF MISSISSIPPI**

**ORDER**

This matter has come before the Court on petition filed by Willie C. Russell styled Petition for Writ of Mandamus and/or Interlocutory Appeal Certified by Hon. Gray Evans, Judge, Requesting Guidance on the Trial Court's Discretion to Authorize Discovery Concomitant with the Appointment of Counsel and Investigative Assistance in Capital Post-conviction Cases. The Court finds that although interlocutory appeal in this matter should be denied, the relief sought by way of petition for extraordinary relief or mandamus under Mississippi Rules of Appellate Procedure, Rule 21 should be granted to the extent set forth herein.

IT IS THEREFORE ORDERED that the petition to the extent that it seeks an interlocutory appeal is denied.

IT IS FURTHER ORDERED that all files and records specified in M.R.A.P. 22(c)(4)(ii) shall be made available to post-conviction counsel for Willie C. Russell for inspection and copying within fourteen days following entry of this order; however, should the State reasonably believe that allowing inspection of any

portion of those files and records would not be in the interest of justice, the State shall within such period submit such portions to the circuit court for in camera inspection and a determination of whether access to the questioned portions of the files should be afforded post-conviction counsel for Willie C. Russell.

IT IS FURTHER ORDERED that within forty-five days following entry of this order, upon notice to the State and hearing, the circuit court shall determine and adjudicate Russell's right to discovery of other materials covered by his previous requests, including but not limited to those in the custody and under the control of the Mississippi Department of Corrections, and within thirty days following such determination by the circuit judge, such further materials, to the extent that they are in the custody or under the control of the State of Mississippi, shall be made available to Russell's post-conviction counsel for inspection and copying.

IT IS FURTHER ORDERED that within one hundred twenty days following the entry of this order, Russell shall file his amended petition for post-conviction relief. The time of filing such amended petition may be extended by the trial court only on a showing of exigent circumstances.

IT IS FURTHER ORDERED that the State of Mississippi in complying with discovery ordered by the trial court shall cooperate by providing reasonable accommodation and access to its facilities as may be needed for inspection and copying. However, the parties may by agreement make arrangement for the State to provide copies, subject to access for Russell's counsel to examine original documents.

SO ORDERED, this the 12th day of January, 2001.

/s/ WILLIAM L. WALLER, JR.

WILLIAM L. WALLER, JR., JUSTICE, FOR THE COURT