# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-DR-01727-SCT

*WILLIAM L. WILEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/3/1995 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT B. McDUFF |
| | JAMES McLAUGHLIN |
| | MARK E. FELDMAN |
| | TIMOTHY C. HESTER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:    MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | POST-CONVICTION RELIEF DENIED - 04/17/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1.     William L. Wiley (Wiley) was charged with capital murder in a DeSoto County robbery that left store owner J.B. Turner (Turner) dead and his daughter seriously injured as well as blind. Wiley laid in wait for some time outside the store for Turner and his daughter and then shot and robbed them as they were closing the store. The sawed-off shotgun used in the murder was traced to Wiley, who was arrested and subsequently confessed. Wiley was tried, convicted and sentenced to death in 1982.

¶2. On direct appeal his conviction was affirmed by this Court, but the case was remanded for re-sentencing because of comments made by the prosecutor regarding appellate review. *Wiley v. State*, 449 So. 2d 756 (Miss. 1984). Wiley was again sentenced to death in 1984, and this Court affirmed the case. *Wiley v. State*, 484 So. 2d 339 (Miss. 1986). His petition for rehearing was denied by this Court as was his petition for a writ of certiorari to the United States Supreme Court. *Wiley v. Mississippi*, 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278, *reh'g denied*, 479 U.S. 999, 107 S.Ct. 604, 93 L.Ed.2d 604 (1986). Thereafter, Wiley filed a petition for post-conviction relief (PCR) that was denied by this Court. *Wiley v. State*, 517 So. 2d 1373 (Miss. 1987). His motion for rehearing was denied, and again the United States Supreme Court declined review of the case. *Wiley v. Mississippi*, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610, *reh'g denied*, 487 U.S. 1246, 109 S.Ct. 6, 101 L.Ed.2d 957 (1988).

¶3. Wiley then filed a petition for a writ of habeas corpus that was denied by the United States District Court via unpublished opinion. He appealed to the United States Court of Appeals for the Fifth Circuit which held that Wiley's death sentence was improper because the sentencing jury was improperly instructed as to the "especially heinous, atrocious or cruel" aggravating circumstance. *Wiley v. Puckett*, 969 F.2d 86 (5th Cir. 1992). This Court remanded for a new sentencing hearing. *Wiley v. State*, 635 So. 2d 802 (Miss. 1993). In 1995, Wiley was again sentenced to death. Wiley appealed, and this Court affirmed the case. *Wiley v. State*, 691 So. 2d 959 (Miss. 1997), *reh'g denied*, 693 So. 2d 384 (Miss. 1997)(motion for substitution of counsel granted), *cert. denied*, *Wiley v. Mississippi*, 522 U.S. 886, 118 S.Ct. 219, 139 L.Ed.2d 153 (1997).

¶4.     Also in 1997, Wiley filed a pro se motion to stay execution and to appoint an attorney in the United States District Court. The district court denied the motion in an unpublished order. He appealed to the Fifth Circuit, which entered an unpublished order staying the execution and remanding the case to the district court. On January 16, 1998, the district court appointed Thomas Levidiotis (Levidiotis) as counsel and ordered the habeas petition be filed within sixty (60) days. Shortly thereafter, Robert McDuff (McDuff), present counsel, filed a motion to vacate the appointment of Levidiotis and substitute himself as counsel without payment which was granted by the district court.

¶5.     McDuff and Timothy Hester, Brian Miller and Anthony Picarello, Jr., of the Washington, D.C., firm of Covington & Burling, then filed a motion for post-conviction relief on Wiley's behalf that was denied by this Court in June 1999. *Wiley v. State,* 750 So. 2d 1193 (Miss. 1999). His motion for rehearing was denied, and the United States Supreme Court denied certiorari. *Wiley v. Mississippi,* 530 U.S. 1275, 120 S.Ct. 2742, 147 L.Ed.2d 1007 (2000). Also in June 1999, McDuff and counsel filed a motion for appointment of compensated counsel and funding for litigation expenses, but it was denied by this Court in January 2000. Wiley's most recent petition for habeas corpus filed in the United States District Court is apparently still pending. Subsequently, he filed the present Application for Leave to file Motion to Vacate Death Sentence.

¶6.     Wiley is seeking collateral review of the denial of his motion for appointment of compensated counsel and litigation funding, and he is asking for leave to present new claims of ineffective assistance of counsel. We find that Wiley's claims are without merit, barred by the doctrine of res judicata, procedurally barred as a successive writ under Miss. Code Ann. § 99-39-27(9) (Supp. 2002), and time barred pursuant to Miss. Code Ann. § 99-39-5(2). Accordingly, this motion is denied.

## ANALYSIS

3

¶7. As Wiley presents substantially similar arguments in both of the first two issues he raises, they are combined for discussion.

**I. Whether the Mississippi Supreme Court's Denial of Funds for an Investigation Violated Wiley's Rights Under Mississippi Law and the Eighth and Fourteenth Amendments to the United States Constitution.**

**II. Whether the Denial of Funding Independently Violated Wiley's Fourteenth Amendment Right to Due Process.**

¶8. Wiley asserts that his claims are not procedurally barred and meet the requirements for successive post-conviction relief motions under Miss. Code Ann. § 99-39-23(6), which states in relevant part:

> The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter. . . . Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.

¶9. Wiley also cites Miss. Code Ann. § 99-39-27(9), which reiterates the language above with reference to an application for leave to proceed in the trial court, and Miss. Code Ann. § 99-39-5(1)(a), which states:

> (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
> (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
> ...

4

(e)     That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

¶10.    The State counters that Wiley's claims are indeed barred. We agree. Wiley has not demonstrated compliance with either exception of an intervening decision or new evidence, nor has he shown that his conviction or sentence is a violation of any constitutional right. Additionally, the State asserts that absent procedural bars Wiley failed to comply with the three-year statute of limitations pursuant to Miss. Code Ann. § 99-39-5(2) as set out at the time of his conviction. The statute was amended in 2000 to provide an exception for capital cases requiring post-conviction filings to be made within one (1) year after conviction. However, a discussion of the merits is included nonetheless.

¶11.    As stated previously, Wiley's present counsel, McDuff, filed a motion to vacate the appointment of Levidiotis and substitute himself as counsel "without payment" in the United States District Court in 1998. Present counsel also represented Wiley on his last PCR in this Court, which was denied June 3, 1999. The motion for rehearing was denied February 3, 2000. Wiley centers much of his argument around *Jackson v. State,* 732 So. 2d 187 (Miss. 1999), which allowed appointment of counsel and consideration of reasonable litigation expenses. However, the motion in *Jackson* was granted January 28, 1999, which was prior to the denial of both Wiley's PCR and his motion for rehearing. Wiley has already raised the argument of this "intervening decision" with this Court via his motion for rehearing and separate motion for appointment of counsel and for litigation expenses; now he is essentially seeking a rehearing of that motion under the guise of a post-conviction claim by combining it with a "new" claim of ineffective assistance of counsel. The State asserts that M.R.A.P. 27(h) prohibits such a rehearing. We agree.

¶12.    In denying Wiley's prior motion, by order filed February 3, 2000, this Court said:

5

Wiley has had the benefit of pro bono counsel during his post-conviction proceedings, and now asks this Court to remand his case to the DeSoto County Circuit Court for appointment of counsel and determination of compensation under *Jackson v. State,* 732 So. 2d 187 (Miss. 1999). After due consideration the Court finds that the motion is not well taken and should be denied.

Wiley was at that time and continues to be represented by McDuff and various members of Covington & Burling.

¶13.    Wiley asserts that he is entitled to funds for "investigation, analysis, and presentation of facts outside of the appellate record," under Mississippi law as set out in *Jackson* despite that the right to counsel in post-conviction proceedings is discretionary. He relies on this Court's comments regarding *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), in his argument that he is entitled to litigation expenses and compensated counsel. The United States Supreme Court found in *Murray* that there was no constitutional right to counsel provided by the state in post-conviction proceedings. *See also Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). As *Murray* dealt with a Virginia case, this Court in *Jackson* found that Mississippi inmates have been unable to obtain counsel or help from institutional lawyers, and that Jackson was entitled to compensated counsel. 732 So.2d at 191.    The petitioner in *Jackson* suffered because of his inability to obtain adequate representation, i.e., his attorney's failure to file a motion for rehearing. The record indicates that Wiley has been adequately represented by different lawyers at every stage of the process. Furthermore, he is represented by the same counsel who represented him on his last PCR. Surely the assertion is not now that counsel will do a better job the second time around if compensated.

¶14.    Also, Wiley's assertion that *Jackson* required payment of litigation expenses is incorrect as this Court remanded that issue to the trial court for consideration. Additionally, the request for litigation

expenses in *Jackson* was specific as to the hiring of a forensic psychiatrist or psychologist, whereas here Wiley makes a broad prayer for funds without giving any indication the funds are necessary or for what purpose they would be used. In fact, Wiley demonstrates no "new factual, legal, and constitutional grounds that merit vacating Wiley's death sentence or, in the alternative, granting funds for additional investigation." There is no right to litigation funds for a fishing expedition, especially when there is no indication of any fish to be caught. This is Wiley's second post-conviction petition. He has already been heard on the issues he now seeks to raise yet again.

¶15.    Notwithstanding the procedural bar, this case is distinguishable from *Jackson*. There this Court said:

> Obtaining qualified substitute counsel willing to proceed pro bono on this type of specialized, complex and time-consuming litigation is almost impossible. This practice ignores the reality that the state post-conviction stage is particularly important in capital cases, and that having the same counsel represent the condemned in appellate proceedings and post-conviction actions prevents counsel from raising the claim of ineffective assistance of trial or appellate counsel at the post-conviction stage. This practice also ignores the reality that indigent death row inmates are simply not able, on their own, to competently engage in this type of litigation. Applications for post-conviction relief often raise issues which require investigation, analysis and presentation of facts outside the appellate record.

*Jackson*, 732 So.2d at 190. As stated previously, Wiley was able to obtain arguably very "qualified substitute counsel willing to proceed pro bono," counsel was not the same counsel to represent him at trial or on direct appeal, and he has not raised any issues requiring investigation. Also, this Court's holding in *Jackson* does not specifically establish a constitutional right to compensated counsel. As previously set out, the United States Supreme Court held in *Murray* that there is no constitutional right to counsel in state post-conviction proceedings. As such, there is no liberty interest created and no constitutional violation.

¶16.    We find that not only are these issue procedurally barred, but they are also without merit.

7

**III.    Whether even a Cursory Investigation, Conducted Without the Benefit of Constitutionally Mandated Funds, Reveals That Counsel was Ineffective.**

¶17.    Wiley raised ineffective assistance of counsel in his previous PCR, and he provides no new evidence that was not or could not have been raised then.  In analyzing Wiley's previous ineffective assistance of counsel claims, this Court found no merit and denied his petition for post-conviction relief.

¶18.    Wiley asserts that a limited investigation "reveals that Wiley's trial counsel failed to investigate, identify, or present a substantial volume of evidence that would have been central to any informed decision by the jury regarding the imposition of the death penalty."  Wiley argues that although trial counsel presented 15 witnesses on his behalf during the sentencing trial, their testimony was not sufficient because it was presented in a "cursory and superficial manner."  Wiley cites *Collier v. Turpin*, 177 F.3d 1184 (11th Cir. 1999), for this proposition.  Wiley attaches affidavits and sets out the following specific examples:

**1.    Joe Annie Butler**

¶19.    Joe Annie Butler (Butler), Wiley's grandmother,  raised him and could have testified about his mental and physical deficiencies, his exposure to traumatic events such as the deaths of his brother and grandfather, and his quiet and loving nature.  However, the transcript indicates that Wiley's assertion is without merit.  Butler was called as a witness for Wiley and gave specific testimony as to raising Wiley, the grandfather's death, Wiley's nature, his schooling, and his work history.  The other statements in the affidavit regarding uncorroborated medical conditions, such as Wiley's hand curling up one time as a child and later returning to normal or the headaches he denied having, do not appear to this Court to add any element of mitigation.  Additionally, Dr. Gary Mooers, a professor of social work at the University of Mississippi, testified extensively as to Wiley's background, including deaths of relatives, abuse as a small child, injuries, schooling, and drug and alcohol use/abuse.

8

### 2. Diane Wiley

¶20. Diane Wiley (Diane), Wiley's wife, could have testified as to the deaths of his grandfather and brother, head injuries, attempted suicide, and his qualities as a husband and father. Diane was not called as a witness, however, her affidavit does not establish that she could have provided any relevant testimony not set out by other witnesses. Additionally, Butler's affidavit indicates that Wiley and Diane had been separated for many years at the time of his arrest.

### 3. John Thacker

¶21. John Thacker (Thacker), Wiley's lifelong friend and his wife's uncle, could have testified as to Wiley's generous and kind character and about the time Wiley "saved my life" by riding up and slowing down Thacker's runaway horse. Again, Thacker's affidavit does not establish that he could have provided any relevant testimony not set out by other witnesses.

¶22. Wiley asserts "[i]t was objectively deficient for counsel to fail to investigate and present this mitigation evidence, and to rely solely on the testimony of far less important figures such as Wiley's mother-in-law and several casual acquaintances." However, the record reflects that among the other witnesses called by the defense were Wiley's sons, Kelvin and Columbus; a sheriff's department employee who termed Wiley a "model" prisoner; a school employee; two childhood friends; a family friend who had known Wiley since childhood; an administrator; chaplain and records custodian from the Mississippi Department of Corrections; a neuropsychiatrist and a psychologist. Additionally, the record indicates that Wiley's children lived with his mother-in-law who also testified, a majority of the time after he and Diane separated and that she had known him since he was a child.

¶23. Wiley cites cases that found ineffective assistance of counsel for failure to present mitigation evidence of a "nightmarish childhood," violent and unstable upbringing, head injuries as a child, limited

schooling, etc. There is no suggestion that any significant evidence, such as a violent or unstable upbringing, was not introduced. The record reflects that evidence of all of the mitigating factors Wiley alludes to was introduced during the sentencing trial by other witnesses and that there was no need for cumulative testimony.

¶24.    Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Wiley must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense.   Additionally, Wiley is not constitutionally entitled to errorless counsel. *Cabello v. State*, 524 So. 2d 313, 315 (Miss. 1988). There is also a presumption that counsel's decision not to call a particular witness is a strategic one. *Strickland*, 104 S.Ct at 2065-2066. *See also* *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995). Wiley has not proven his counsel was deficient or that he suffered any prejudice, and the record indicates this issue is without merit.

## CONCLUSION

¶25.    Wiley has had more than one opportunity to present an argument under *Jackson*, thus defeating any "intervening decision" claim. Additionally, he has not presented any new evidence that was "not reasonably discoverable" at trial or that would have caused a different result if introduced, nor has he provided evidence of any violation of any fundamental rights. Furthermore, Wiley has failed to demonstrate that his claims are not procedurally barred pursuant to Miss. Code Ann. § 99-39-21(6), and he has failed to prove ineffective assistance of counsel. Accordingly, we deny Wiley's application for post-conviction relief and application for leave to file motion to vacate death sentence.

¶26.    **POST-CONVICTION RELIEF DENIED.**

10

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB AND GRAVES, JJ., CONCUR.  DIAZ AND CARLSON, JJ., NOT PARTICIPATING.**