MYERS, J.,
for the court.
¶ 1. Wesley Archie was convicted by a jury of possession of cocaine, as a habitual offender and sentenced to sixteen years’ imprisonment without the possibility of parole, suspension, or early release. He appeals his conviction arguing that he is entitled to a new trial based upon jury misconduct.
STATEMENT OF THE FACTS
¶ 2. Archie was indicted and tried as a habitual offender for possession of cocaine. At the conclusion of Archie’s trial, the trial judge instructed the alternate juror not to retire with the other members of the jury to deliberate the verdict. The trial judge specifically told the alternate juror, “[y]ou will not retire with the other members of the jury to deliberate the verdict. If you have any personal property in the jury room, I will allow you to retrieve that.” When the jury returned with a guilty verdict, a polling of the jury was done at defense counsel’s request. It was discovered that the alternate juror had disobeyed the trial judge and had gone into the deliberation room.[1] The trial judge sent the jury, except the alternate juror, back to the deliberation room. The following is the conversation between the judge and the alternate juror:[2]
THE COURT:. Okay. Mr. * * * * *, do you remember earlier when the jury retired to deliberate the verdict and I told you that you were the alternate juror?
JUROR: Yes, sir.
THE COURT: And you would not retire with the other members of the jury to deliberate the verdict? Do you remember me telling you that?
JUROR: Yes, sir.
THE COURT:' Then why did you go in the jury room?
(NO RESPONSE)
THE COURT: Have you got any explanation?
JUROR: No, sir, I don’t.
THE COURT: Okay. Did you take part in the discussions in the jury room about this verdict?
JUROR: Yes, sir, I did.
¶ 3. The trial judge then individually recalled each juror back to ask what influence the alternate juror had over their decision. The judge and the attorneys questioned the jurors and discovered that the alternate juror had talked about his personal experiences with drugs and crimes. It was discovered that one juror admitted to being influenced by the alternate juror. The following is the question *1175 ing between the judge and counsel and the juror:[3]
THE COURT: Mr. * * * * *, you can just have a seat over there, will be fine. Mr. * * * * *, you were a member of the jury. Mr. * * * * *, who’s seated behind you, was the alternate juror and was not supposed to retire with you to deliberate the verdict. My question to you is this: Did Mr. ***** gay any_ thing in the jury room that influenced your decision in this case? You already told me you voted for the verdict that was read. Did anything Mr. ***** said influence your vote on this verdict?
JUROR: Somewhat.
THE COURT: Okay. Do you remember what he said?
JUROR: He was talking the whole time, so I’m just saying he probably talked more than anybody else, so it could have possibly in a way, because initially, just to be honest about it, I voted not guilty, and I posed the question to you on the paper, and you wrote whatever you wrote on there, and from what I was asking, everybody else convinced me why they voted the way they did and that there was something that I didn’t hear, and everybody convinced me that something was said a certain way during the trial which changed my vote. But he was talking more than anybody else, so it possibly could have.
THE COURT: Okay. Well, let me ask you this way. If Mr. ***** had not been in the jury room and had said what you heard him say, would you have arrived at the same verdict?
JUROR: Would I have voted the same initially?
THE COURT: No. Would you have arrived at the same verdict?
JUROR: I mean, yeah. After voting not guilty, then having to go back and review the whole situation, yes, I would have.
THE COURT: Okay. So your decision, then, was made independently of what Mr. ***** sayS or said?
JUROR: Yes, finally, it was, but I’m saying initially he could have had something to do with it. He could have influenced my vote.
THE COURT: He could have?
JUROR: Yes.
THE COURT: All right. The question is, did he? If he had never said what you heard him say in the jury room, would you have voted guilty based on what everybody else said?
JUROR: Well, that’s what I’m saying. Initially, I voted not guilty.
THE COURT: I understand.
JUROR: Then the jury had to convince me why I should vote the way that I eventually voted.
THE COURT: I understand that, but what I’m trying to find out is what part did Mr. ***** piay jn that, did his comments influence you or not influence you to vote guilty. So the question is, if he had not said anything, would what the other jurors said, would that have convinced you to vote guilty?
JUROR: I mean, I convinced myself after we reviewed the evidence again.
THE COURT: Okay. You convinced yourself, but had Mr. ***** not been in the jury room and said what he said, would you still have arrived at a verdict of guilty?
JUROR: I would have still arrived, yes.
THE COURT: No matter what he said?
*1176 JUROR: No matter what. Initially, he could have.
THE COURT: Well, I’m not talking about initially; I’m talking about the final verdict. Is there
anything that Mr. ***** said that influenced your final verdict?
JUROR: No.
THE COURT: Okay.
MR. BARNETT: Mr. * * * * *, you said you first voted not guilty. Then after conferring with your fellow jurors, you changed your vote to guilty. Is that fair to say?
JUROR: Yes.
MR. BARNETT: And in conferring with your fellow jurors, was Mr. ***** one of them that you
conferred with?
JUROR: Yes.
MR. BARNETT: And you said, I believe, that he talked more than almost any other juror; is that
correct?
JUROR: Yes.
MR. BARNETT: And so would it be fair to say that his talking was part of the influence in changing your vote from not guilty to guilty?
JUROR: Well, he was part of us getting back together and trying to get some understanding out of the situation because I only had one question about the whole case. There was a thin line between possibly ruining somebody’s life for 25, 30, whatever number of years, and I wasn’t going to just vote the way that they voted. I had to clear this — we had to replay this thing in order for me to feel comfortable with the decision that was finally made.
MR. BARNETT: Right. And did Mr. ***** play a part in that?
JUROR: Initially. I don’t know how to better say it. If he wasn’t supposed to be with us or he wasn’t supposed to convey information, quite naturally, initially, if he was conveying information, it could have or it could not have affected the way that I voted. Do you understand what I’m saying?
MR. BARNETT: I think I do, and I understand that you changed your vote after conferring with your fellow jurors, and you told me that Mr. ***** was one of the ones that you conferred with because he talked and y’all listened.
JUROR: Yeah, but when I finally made my decision, Mr. ***** had nothing to do with that. When I finally decided that, okay, I understand, we all had an understanding that I did not understand previously, I made my own decision.
MR. BARNETT: Okay. I’m not trying to put words in your mouth because I understand you say you made your own decision, and once you made your own decision, you stuck to it.
JUROR: Right.
MR. BARNETT: Right. I understand that. But the question is, did Mr. ***** play a part in you making your decision?
JUROR: My final decision?
MR. BARNETT: Yes.
JUROR: No.
MR. BARNETT: He did not?
JUROR: No.
MR. BARNETT: Well, wasn’t he one of the ones that influenced you to change your vote?
JUROR: No, no, no, no, no. Yes. Well, no. I’ll just say it this way and leave it at
this. When I made my final decision, my final decision was not affected by him in any shape, form or fashion, but what you have to understand, with him conveying, *1177 talking all the time, I’m sure he affected somebody else’s decision.
MR. BARNETT: But not yours?
JUROR: I’m sure he affected somebody else’s decision all along.
MR. BARNETT: Do you have somebody in mind?
JUROR: I mean whoever else was a part of the jurors.
MR. BARNETT: Okay. Well, I guess we’re on the same—
JUROR: I’m not trying to make this complicated for you. The only thing I’m saying is, when I made my final decision, he had nothing to do with it.
MR. BARNETT: Okay. It’s the process, though, between your first decision and your making your final decision is what I’m talking about. In that process there before you made your final decision, did he play a part in conveying information to you that would help you make up your mind?
JUROR: No.
MR. BARNETT: No?
JUROR: No.
MR. BARNETT: Well, other jurors did, didn’t they?
JUROR: The other jurors did, yes.
MR. BARNETT: Yes.
THE COURT: How do you know that it affected other jurors and which ones did it affect?
JUROR: Well, let me just say it this way. Let me say this. I was the only person who voted not guilty.
THE COURT: All other 12 people in the jury room with you voted guilty?
JUROR: Yes. I was the only one that voted not guilty.
THE COURT: Okay.
JUROR: And they had to prove to me and help me understand better the situation because there was some intricate detail in the case that I didn’t understand or didn’t hear.
THE COURT: All right. I understand all that, but I’ve got two issues I need to clear up with you, and the first one is this: Did you base your final decision on anything that Mr. ***** said in the jury room?
JUROR: No, no, no.
THE COURT: All right.
JUROR: No.
THE COURT: And the second thing is this: You told Mr. Barnett that you’re sure that what Mr. ***** said affected other jurors or influenced them.
JUROR: There’s a possibility it could have. I don’t have any evidence to say that.
THE COURT: Okay. That’s what I’m asking. You said that it did. I’m asking you which jurors did it affect.
JUROR: I don’t know. It could have affected some, all or none.
THE COURT: All right. Now I hear you saying he could have. You don’t know for sure; is that right?
JUROR: Let me say it again. Let me say this to clear things up. He could have, he may have affected all or none. I don’t know who he affected.
THE COURT: All right.
JUROR: He may not have affected anybody.
THE COURT: I understand. So mainly you’re saying that he could have; you just don’t know?
JUROR: I just don’t know.
THE COURT: Because you can’t read their minds.
JUROR: Exactly.
¶ 4. The trial judge decided that the verdict was not tainted. He accepted the verdict and overruled a motion for a new trial. It is from this ruling that Archie appeals.
*1178 LEGAL ANALYSIS
¶ 5. Mississippi law provides that “[a]n alternate juror who does not replace a regular juror shall be discharged at the time the jury retires to consider its verdict.” Miss. Code Ann. § 13-5-67 (Rev, 2002). Clearly, mistake or not, the judge was in violation of this statute in the instant case. According to the Mississippi Supreme Court case of Luster v. State, alternate jurors may not be present, nor may they participate in any discussions with the other jurors if they are not replacing one of those jurors for the remainder of the deliberations. Luster v. State, 515 So.2d 1177, 1180 (Miss.1987). However, Luster also provides that nothing more than harmless error will result from such a mistake by the judge if the appellant has failed to show that he or she was prejudiced by the alternate juror’s presence during deliberations. Id.
¶ 6. Even though the trial judge attempted to assess and rectify the damage done by the alternate juror, it is apparent that there may have been a contaminated verdict and Archie was prejudiced by the presence of the alternate juror. Maldonado v. State, 796 So.2d 247 (Miss.Ct.App.2001). Therefore, Archie is entitled to a new trial.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.

. The trial judge noted that this was the first time he had a criminal verdict that-was thirteen to nothing.

. Note that the name of the alternate juror has been removed.

. Note that the name of the juror has been removed. The person this juror and the judge are referring to as an influence is the alternate juror.