## Ulmer v. State.

(Division B. June 9, 1930.)

[128 So. 749. No. 28667.]

**E. F. Coleman**, of Purvis, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

At the May, 1929, term of the circuit court, the appellant was indicted by the grand jury of Greene county,

under chapter 89, Laws of 1928, Extraordinary Session, providing: "That any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony and on conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars or by imprisonment in the penitentiary not exceeding two years, or both, in the discretion of the court."

The appellant was convicted and sentenced to the penitentiary, from which judgment he appeals.

The indictment was demurred to, and the overruling of such demurrer was assigned as error, but was not argued in the brief, hence we do not pass upon the sufficiency of the indictment.

On the trial of the case the wife of the appellant was introduced as a witness, and, over the objection of the appellant, testified, her testimony being the strongest evidence introduced by the state, and being sufficient, if competent, to sustain the conviction.

After the wife testified, the appellant moved to exclude her evidence, and again moved to exclude it at the close of the entire testimony; but such motions were overruled, and exceptions taken.

We have repeatedly held that the wife is incompetent to testify against her husband in a criminal case, otherwise than as permitted to do so at the common law, and her testimony under the common law was limited to personal injuries such as assaults upon her, committed during the marriage relation. Under our decisions, therefore, the wife was an incompetent witness against the husband on a criminal charge. McQueen v. State, 139 Miss. 457, 104 So. 168; Doss v. State (Miss.), 126 So. 197, and State v. McMullins (Miss.), 126 So. 662.

It was therefore error for the court to admit this testimony, and, for its admission, the judgment must be reversed.

The attorney-general confesses error in regard to the admission of this testimony, but argues that there is sufficient testimony apart from this testimony to sustain the verdict of conviction, and that it should not be reversed because there was other sufficient testimony. We are unable to say that this testimony was not controlling or influential with the jury in arriving at its verdict. It certainly was very damaging to the appellant's cause, and we are unwilling to hold that it was harmless error.

Reversed and remanded.