218 So.2d 731 (1969)
Billy Ray FORD
v.
STATE of Mississippi.
No. 45210.
Supreme Court of Mississippi.
February 3, 1969.
Rehearing Denied February 17, 1969.
John B. Gee, Vicksburg, J.W. Kellum, Sumner, for appellant.
*732 Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of Warren County wherein Billy Ray Ford was convicted of attempted murder and sentenced to ten years in the state penitentiary.
The appellant was indicted under the provisions of Mississippi Code 1942 Annotated section 2017 (1956), which provides in part as follows:
Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: * * *
The indictment, omitting its formal parts, charged the defendant in the following language:
* * * (T)hat Thomas Lee Minton and Billy Ray Ford * * * on or before the 13th day of November, A.D., 1967 with force and arms, in the county aforesaid, and within the jurisdiction of this Court did then and there knowingly, wilfully, unlawfully, and feloniously, attempt, intend, design and endeavor to knowingly, wilfully, unlawfully, feloniously, and of their malice aforethought, kill and murder, one Paul Barrett, a human being, and in furtherance thereof, did then and there do and commit certain overt acts, to-wit, did then and there arm themselves with a loaded .22-caliber rifle * * * and did then and there transport themselves in a motor vehicle to a point in the Vicksburg National Military Park, located in Warren County, Mississippi, being at or near the point or place where the said Billy Ray Ford and Thomas Lee Minton then and there expected to find the said Paul Barrett, but that the said Defendants were then and there placed under arrest and thereby prevented in the commission of said crime aforesaid, with the intent and in the attempt, design and endeavor of themselves, the said Billy Ray Ford and Thomas Lee Minton to knowingly, wilfully, unlawfully, feloniously, and of their malice aforethought, kill and murder the said Paul Barrett. * * *
This indictment virtually paraphrased the applicable statute and specifically charged the defendant with the intent to murder, designating the intended victim, as well as charging overt acts, i.e., arming themselves with a rifle and transporting themselves to a point in the Vicksburg National Military Park where they expected to find their victim. A demurrer was interposed to this indictment raising the point that no overt criminal acts were charged against the defendant.
In Miller v. State, 130 Miss. 730, 95 So. 83 (1923), we held that under a predecessor to this statute, Hemingway's Code, section 777 and Code of 1906, section 1049, there are two necessary elements to constitute the offense; first, the intent to commit an offense, and second, an overt act toward its commission. The indictment charges an intent to commit an offense, as well as an overt act toward its commission. See also Stokes v. State, 92 Miss. 415, 46 So. 627 (1908), wherein we held that the intent to commit a crime plus any slight act toward its consummation is sufficient in law to constitute the commission of an attempted crime. We are of the opinion that the lower court did not err in overruling the demurrer to the indictment.
The next error assigned is that a witness was allowed to testify for the State after the defendant had taken the stand. Without burdening this opinion with the details relating to the reopening of the case, we hold that such is within the *733 sound discretion of the trial court. We stated in Riley v. State, 248 Miss. 177, 186, 157 So.2d 381, 384 (1963) the following:
We think this question has been before the Court numerous times. The matter of allowing either the State or the defense to reopen a case after it has rested is a matter addressed to the sound discretion of the trial court. Perkins v. State, 229 Miss. 299, 90 So.2d 650. * *
We conclude this assignment is not well taken as there is no indication that the trial court abused its discretion.
Appellant also assigns as error the failure of the State to present him with a copy of the indictment prior to arraignment as required by Mississippi Code 1942 Annotated section 2441 (Supp. 1966). The record is silent as to whether a copy of the indictment was in fact presented to the defendant prior to his arraignment. Although the statute is mandatory in its requirements, we must indulge the presumption that the judge and officers of the court have done their duty in the absence of affirmative evidence to the contrary. In Miller v. State, 207 Miss. 156, 161, 41 So.2d 375, 376 (1949), we adopted the rule announced in Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986, which stated:
"In reviewing a conviction of crime, doubts should be resolved in favor of the integrity, competence, and proper performance of their official duties by the judge and state attorney."
This rule was reannounced in Gordon v. State, 149 So.2d 475 (Miss. 1963). It is our opinion that this assignment is not well taken.
The other point raised by the appellant is in regard to testimony by Sheriff Paul Barrett, the alleged victim of the plot, concerning telephone conversations with the defendant's wife. We note that this was not assigned as error nor does appellant's brief make reference thereto though it was urged in oral argument before this Court, as well as in the motion for a new trial before the lower court.
During the course of the trial, the State offered the Sheriff, Paul Barrett, as a witness. He was permitted to testify, over objection, to telephone conversations initiated by the defendant's wife wherein she related to him the major details of the plot by her husband and others to take his life. The objection by appellant's counsel was in general terms and was overruled by the court. On Motion for a new trial subsequent to a verdict of guilty the defendant urged that such evidence was inadmissible as it permitted his wife to testify, although indirectly, against him.
In Smith v. State, 193 Miss. 474, 478, 10 So.2d 352, 353 (1942), we stated:
* * * The wife herself could not have thus testified over the objection of the husband. She was incompetent as a witness against him over his objection. Section 1528, Code 1930. If the wife could not have so testified personally and directly, she could not be made a witness nor the testimony made competent in this indirect and hearsay manner. * * *
We are of the opinion that the witness could testify that he was informed of the intended crime, but that the admission of the wife's statements in detail constitutes reversible error under Mississippi Code 1942 Annotated section 1689 (1956). See Outlaw v. State, 208 Miss. 13, 43 So.2d 661 (1949); Ulmer v. State, 157 Miss. 807, 128 So. 749 (1930); Finklea v. State, 94 Miss. 777, 48 So. 1 (1909). See also Carter v. State, 167 Miss. 331, 145 So. 739 (1933) and Whitehead v. Kirk, 104 Miss. 776, 61 So. 737 (1913).
In Wallace v. State, 254 Miss. 944, 183 So.2d 525 (1966), we held that consent of both parties was necessary before either the husband or wife could testify against the other in a criminal proceeding and that a defendant did not waive the benefit *734 of his objection to such testimony by cross-examination on the same subject. Additionally, it is obvious that the testimony of Barrett as to telephone conversations with defendant's estranged wife was pure hearsay and objectionable as such.
Though there was testimony of other witnesses to the plot for the jury's consideration, nevertheless, we are of the opinion that the testimony of the wife, prohibited by statute and the case law of this state, was prejudicial to the rights of the defendant and of itself constitutes reversible error. We, therefore, reverse and remand the cause for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and INZER, SMITH, and ROBERTSON, JJ. concur.