¶ 1. Carl V. Clark challenges the denial of his motion for post-conviction relief by the Circuit Court of Rankin County. Although he sets forth several issues within his brief, all of his issues may be crystalized into one: whether the trial court erred in denying his motion without an evidentiary hearing.
¶ 2. Discerning no error, we affirm.
 FACTS
¶ 3. On or about October 28, 2000, Marjorie Gonzales entered a Jitney Jungle grocery store in Rankin County, Mississippi. A man followed Gonzales into the women's restroom, and while Gonzales was inside the stall, the man abruptly entered it, took her purse from her presence, and ran out of the restroom.
¶ 4. On November 14, 2000, a grand jury of Rankin County indicted Clark for the robbery of Gonzales which occurred in the restroom of the Jitney Jungle store. He subsequently entered a plea of guilty to the charge and was sentenced by the trial court on February 23, 2002, to a term of eleven years in the custody of the Mississippi Department of Corrections. Clark was initially charged under the habitual offender statute; however, upon his guilty plea this option was not pursued by the State.
¶ 5. Clark later filed a motion for post-conviction relief to vacate and set aside his conviction and sentence. The trial judge reviewed the post-conviction relief motion and found that Clark's motion was frivolous and without merit. The trial judge also sanctioned Clark with loss of earned time under section 47-5-138 of the Mississippi Code of 1972 as annotated and amended.
¶ 6. Clark, proceeding pro se, has perfected this appeal. *Page 1088 
 ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v.State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999) (citing Bank ofMississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss. 1996)). However, where questions of law are raised, the applicable standard of review is de novo. Id.
¶ 8. As we have already stated, the trial court determined that Clark's motion was frivolous and without merit. That is a factual finding because such a finding necessarily involves a finding that the factual allegations contained in the motion are false. Thus, our task is to determine if this finding by the trial court is clearly erroneous.
¶ 9. Clark first contends that he was denied due process of law because the trial court permitted him to enter a plea of guilty to simple robbery but found him guilty of, and imposed a sentence for, strong arm robbery. According to Clark, the trial court erred by imposing a sentence for strong arm robbery because he did not plead guilty to this offense. This contention is without merit. "Simple robbery" and "strong arm robbery" are one and the same. See McKee v. State, 791 So.2d 804 (Miss. 2001); Rowe v. State, 562 So.2d 121 (Miss. 1990)
¶ 10. Clark next contends that the trial court erred when it accepted his plea of guilty to robbery since the facts related during the plea colloquy support an offense no greater than grand larceny. According to Clark, the trial court's acceptance of his plea and its sentencing of him for strong arm robbery, under the factual submission of this case, constituted a violation of his right of due process. Moreover, in conjunction with his lack of factual basis argument, Clark asserts an ineffective assistance of counsel argument because his attorney failed to take corrective action when it became apparent that Clark's admission of facts at the plea proceedings did not amount to the elements of robbery.
¶ 11. The transcript of the plea hearing reflects the following dialogue concerning the factual basis for Clark's charge and plea:
 THE COURT: What facts would the State prove at trial Mr. Lemon?
 MR. LEMON: Your Honor, should this case go to trial, the State would show that on or about October 28th of 2000, this defendant came to Rankin County from Jackson, Mississippi, he came to the Jitney parking lot across the spillway, on Spillway Road, entered that Jitney, followed Sister Marjorie Gonzales, who is better known as Sister Terez, into the women's bathroom at Jitney Jungle Grocery Store, and while she was in the stall this defendant entered the stall and took her purse from her presence. Of course, this occurred in Rankin County.
 THE COURT: Do you wish to challenge or correct any of the facts stated by Mr. Lemon, the Assistant District Attorney?
 DEFENDANT: I didn't understand, sir.
 THE COURT: Do you wish to challenge or correct any of the facts that Mr. Lemon has stated?
 DEFENDANT: No, sir. The only thing I have to say on my behalf is it was picked up off the floor. I didn't just take it from her personally or commit any bodily harm to her. I admit to the crime, sir.
 THE COURT: Did you open the door? *Page 1089 
 DEFENDANT: The door was already cracked open. The strap of the purse was in the door.
 THE COURT: Okay. Well, did you push the door open to get to the purse?
 DEFENDANT: Not all the way, sir. Just cracked the door and picked it off the floor.
 THE COURT: So you did open the door somewhat; is that right?
 DEFENDANT: Yes, sir.
 THE COURT: And this lady was sitting somewhat defenseless?
 DEFENDANT: Well, the door to the stall was closed, sir.
 THE COURT: Okay. Did you see her when you picked up the purse?
 DEFENDANT: No, sir. It happened so fast, I wasn't looking at her.
 THE COURT: Did she see you?
 DEFENDANT: I guess so, sir.
 THE COURT: Was she holding on to the purse?
 DEFENDANT: No, sir.
 THE COURT: Did she try to grab the purse?
 DEFENDANT: No, sir.
 THE COURT: Okay. Well, let me ask you this, Mr. Clark. In entering your guilty plea today, are you entering this plea because you feel that based on the evidence that the State of Mississippi would present at your trial or offer at your trial that your chance or possibility of conviction is more likely or greater than acquittal and that you wish to enter a plea because you feel like you're going to get convicted if you go to trial?
 DEFENDANT: Yes, sir.
 THE COURT: And you probably figure that if you plead guilty you won't get as much time as you do if you go to trial; is that right?
 DEFENDANT: Yes, sir.
¶ 12. "A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Fair inference favorable to guilt may facilitate the finding." Corley v.State, 585 So.2d 765, 767 (Miss. 1991). A "factual basis for a guilty plea may be established by the actual admission by the defendant."Templeton v. State, 725 So.2d 764, 766 (¶ 2) (Miss. 1998). Here, Clark admitted his guilt and advised the trial court that he weighed his chances and decided that a plea of guilty to the charges as made was in his best interest because he thought there was a substantial chance that he would have been found guilty by a jury had he risked going to trial.
¶ 13. Robbery occurs when one feloniously takes the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person. Miss. Code Ann. § 97-3-73 (Rev. 2000). We find that the factual submission by the State, along with Clark's admission of guilt, provided a sufficient factual basis for the trial court's acceptance of Clark's guilty plea to strong arm robbery. It necessarily follows that Clark's assertion, that his attorney was ineffective for failing to recognize that the factual submission was only strong enough to undergird a plea of guilty, is without merit and need not be addressed.
¶ 14. Finally, Clark argues that the trial court abused its discretion when it found that his post-conviction relief motion was frivolous and that sanctions upon him were appropriate. Clark argues that the trial judge erred because the judge granted *Page 1090 
him partial relief.[1] Apparently, Clark's reasoning is that the motion could not be deemed frivolous if any relief was granted as a result of the motion.
¶ 15. A trial court's conclusion that a motion is frivolous is reviewed for abuse of discretion. Dock v. State, 802 So.2d 1051, 1056 (¶ 11) (Miss. 2001). Clark's motion alleged (1) that he was sentenced for strong arm robbery while pleading to simple robbery, (2) that no factual basis existed for his plea, and (3) that his attorney was ineffective for failing to recognize the insufficiency of the factual basis to support Clark's guilty plea. As discussed earlier in this opinion, none of his issues possess any merit. Consequently, it is fair to say that Clark's motion had no realistic chance of success or any arguable basis in fact or law. Therefore, the trial court did not abuse its discretion in denying Clark's petition as frivolous and ordering sanctions.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE,MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
[1] Apparently, Clark had concluded that he was granted some relief because in the order denying relief, the trial judge stated:
 The Court further finds that the Judgement of Conviction dated February 1, 2001, reflects the Movant was convicted of the crime of simple robbery and the Order of Sentence . . . reflects the Movant was sentenced for the crime of strong arm robbery, which is for all practical purposes the same crime; however, in an effort to avoid further confusion, the Court will enter a Corrected Order of Sentence reflecting the imposition of sentence for the crime of simple robbery.
The record does not reveal the entry of any such order.