IRVING, J.,
 

 for the Court.
 

 ¶ 1. Daryl Hawkins was convicted by the Bolivar County Circuit Court of attempted burglary of an automobile and sentenced as a habitual offender to life in the custody of the Mississippi Department of Corrections. Aggrieved, he appeals and asserts (1) that the indictment is void, (2) that he was entitled to a jury instruction based on the theory of abandonment, (3) that the trial court erred in denying his motion for a directed verdict or, alternatively, for a
 
 *125
 
 judgment notwithstanding the verdict, and (4) that his sentence is unconstitutional.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. During the early morning hours of March 7, 2004, Robert Graham, an investigator with the Cleveland Police Department, sat in an unmarked car while on special patrol at the Colony Apartments in Cleveland, Mississippi. At approximately 3:00 a.m., Investigator Graham observed a Nissan Altima with two occupants, who would later be identified as Brandon James and Daryl Hawkins, enter the parking lot. Investigator Graham exited his vehicle and hid between other vehicles that were parked in the parking lot and watched as James drove to the back of the apartment complex. Investigator Graham watched as the vehicle came back around, and he saw the passenger, who he recognized as Hawkins, walk toward a vehicle. Investigator Graham then observed Hawkins rub dew off of the vehicle’s window and look inside. Hawkins went to another vehicle, a Nissan Sentra, and broke its window.
 
 [1]
 
 The car’s alarm sounded, Hawkins ran to his vehicle, and James pulled off.
 
 [2]
 

 ¶ 4. Investigator Graham called for backup, ran to his vehicle, and gave chase. Investigator Graham followed Hawkins’s vehicle as it continued through Cleveland, Mississippi, toward the City of Boyle. Investigator Graham and other officers, who had arrived to assist him, blocked Hawkins’s car in. Thereafter, Hawkins and James were arrested. After James and Hawkins were placed in a patrol car, Investigator Graham saw a sharp object with a wooden handle which was later determined to be an ice pick.
 

 ¶ 5. James also provided his account of what transpired. He testified that Hawkins paid him five dollars to drop him off at the Colony Apartments. James then stated that he drove around to the back of the apartment complex and that Hawkins got out of the vehicle. James stated that he did not see or hear anything else. According to James, shortly thereafter, Hawkins got back in the vehicle and instructed him to “drive before somebody think [sic] we’re out here trying to break into something.” James testified that he heard a car alarm when Hawkins opened the car door. He also stated that he did not hear the alarm when Hawkins exited the vehicle. James and Hawkins then left the apartment complex and were later stopped by the police. James testified that when they noticed the police car behind them, Hawkins stated, “I broke the window out of the car, man, we’re fixing to go to jail.”
 

 ¶ 6. Hawkins testified on his own behalf and stated that at approximately 1:00 a.m. he was approached by James while he was standing on a street corner. Hawkins explained that James agreed to give him a ride home, but they somehow ended up at the Colony Apartments. Hawkins stated that once they arrived at the apartment complex, James drove to the rear of the complex and got out of the vehicle. Hawkins claimed that he did not know where James went after he exited the vehicle. According to Hawkins, a short time later, James reappeared and got back into the vehicle. However, James was only in the vehicle for a short time before he got out again. Hawkins stated that James then ran back to the vehicle and drove off. Hawkins testified that he never exited the vehicle. Hawkins recalled hearing the car alarm sound after James re-entered the
 
 *126
 
 vehicle the second time. Hawkins testified that Investigator Graham was mistaken about who he saw that night, as he maintained that James was the person who got out of the vehicle that night.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 7. In his first assignment of error, Hawkins contends that the indictment is defective because it failed to state necessary elements of the offense of attempted burglary, namely that he committed an overt act in furtherance of the attempted burglary and that he failed to consummate its commission. “The question of whether .an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by [the appellate courts].”
 
 Jones v. State,
 
 912 So.2d 973, 975(¶8) (Miss.2005) (citing
 
 Peterson v. State,
 
 671 So.2d 647, 652 (Miss.1996) (superceded by statute)). Therefore, we review a claim that an indictment is defective de novo.
 
 Id.
 

 ¶ 8. Hawkins’s indictment states, in pertinent part, that:
 

 DARYL HAWKINS & BRANDON L. JAMES,
 

 late of the County and Judicial District aforesaid, on or about March 7, 2004, in the County, Judicial District and State aforesaid, and within the jurisdiction of this Court, individually or while aiding and abetting and/or acting in concert with each other, did then and there, unlawfully, willfully, feloniously and bur-glariously
 
 attempt to break and enter a certain automobile,
 
 commonly known as, called and being a 2000 Nissan Sentra, by
 
 breaking out a window,
 
 said automobile being located at Colony Apartments in Cleveland, Mississippi, there situated, of the property of Kristi Ann Beachy a/k/a “Chris Beachy,” in which there were then and there goods, merchandise, equipment or valuable things, kept for use or sale, with the intent to steal therein, or to commit any felony....
 

 (Emphasis added). As clearly evidenced by the indictment, Hawkins was on notice that he was being indicted for attempting to break into an automobile by “breaking out a window.” The Mississippi Supreme Court has held that “[t]he crime of attempt to commit an offense occurs when a person shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same.... ”
 
 Henderson v. State,
 
 660 So.2d 220, 222 (Miss.1995) (quoting
 
 Ross v. State,
 
 601 So.2d 872, 874 (Miss.1992)).
 

 ¶ 9. In order to convict Hawkins of attempted burglary, the State was required to show that he “attempted to” break and enter the Nissan Sentra but either failed or was prevented from doing so. In this case, the evidence clearly shows that Hawkins possessed the requisite intent to commit the crime of burglary. He peered into the window of one vehicle before he even approached the Nissan Sentra. It was only after he had broken the window and the car alarm had sounded that Hawkins fled from the Nissan Sentra. Thus, we find that the record supports Hawkins’s conviction for attempted burglary. We further find that the indictment was sufficient to put Hawkins on notice that he was being charged with attempted burglary, and that the indictment specifically set forth the conduct that constituted the attempt. Based on the reasons stated, we find no merit to this issue.
 

 ¶ 10. Hawkins also argues that the indictment is defective because it failed to charge the third element of attempt: the failure to consummate its commission. It
 
 *127
 
 is the law of this State that “the intent to commit a crime plus any slight act toward its consummation is sufficient in law to constitute the commission of an attempted crime.”
 
 Ford v. State,
 
 218 So.2d 731, 732 (Miss.1969) (citing
 
 Stokes v. State,
 
 92 Miss. 415, 428, 46 So. 627, 629 (1908)). Thus, Hawkins’s indictment is not defective even though it did not charge that he failed to consummate the burglary. This issue lacks merit.
 

 ¶ 11. Next, Hawkins argues that the trial court erred in refusing to grant his request for the following abandonment jury instruction:
 

 If you find from the evidence, beyond a reasonable doubt, that Daryl Hawkins freely and voluntarily abandoned his intent to commit the crime of burglary of an automobile before the defendant performed any overt act toward the commission of that crime, and if you further believe there was not an outside cause prompting the abandonment, then you shall find the defendant not guilty.
 

 “A defendant is entitled to have jury instructions given which present his theory of the case. However, the trial judge may properly refuse the requested instructions if they are found to ... be without proper foundation in the evidence of the case.”
 
 Green v. State,
 
 884 So.2d 733, 735(¶3) (Miss.2004) (quoting
 
 Howell v. State,
 
 860 So.2d 704, 761 (¶203) (Miss.2003)). The State objected to the abandonment instruction and argued that “the breaking [of] the window is the act toward the commission of a felony and that the alarm is what says, ‘Don’t do it.’ ”
 

 ¶ 12. In order for an abandonment instruction to be warranted a defendant must show that he voluntarily abandoned his intent and did “not have his intent frustrated by the resistance of the victim or the intervention of a third party.”
 
 Pruitt v. State,
 
 528 So.2d 828, 831 (Miss.1988) (citing
 
 Edwards v. State,
 
 500 So.2d 967, 969 (Miss.1986)). Investigator Graham testified that Hawkins did not flee from the vehicle until after he had broken the window and the car alarm sounded. On the other hand, Hawkins testified that Investigator Graham mistakenly identified him as being the person who had broken the window out of the Nissan Sentra. Hawkins also testified that he never exited his vehicle. Further, James stated that Hawkins exited the vehicle even though James stated that he did not see Hawkins approach the Nissan Sentra. As such, there is nothing in the record that supports Hawkins’s contention that he abandoned his attempt to burglarize the Nissan Sentra. By contrast, Hawkins testified that he did not approach the Nissan Sentra at all. In
 
 Ishee v. State,
 
 799 So.2d 70, 73(¶7) (Miss.2001) (emphasis added) (quoting Bu
 
 cklew v. State,
 
 206 So.2d 200, 202-03 (Miss.1968)), the Mississippi Supreme Court stated that:
 

 An attempt is a direct movement toward the commission of the crime after the preparations have been made; the defendant’s act must be a direct, unequivocal act toward the commission of the intended crime; that his acts must have progressed to the extent of giving him power to commit the offense and
 
 nothing but an interruption prevented the commission of the offense;
 
 that the defendant’s act must reach far enough toward the accomplishment of his intention to commit the offense to amount to a commencement of the consummation or to be a step in the direct movement toward its commission; and that some appreciable fragment of the crime must be committed so that
 
 the crime would be completed if the defendant were not interrupted.
 

 It is extremely likely that Hawkins would have burglarized the Nissan Sentra had its
 
 *128
 
 car alarm not sounded; thus, the burglary would have been completed if he were not interrupted by it. We conclude that the trial judge committed no error in refusing to allow the abandonment instruction, as it is clear that it was not supported by the evidence. This issue lacks merit.
 

 ¶ 13. Hawkins also argues that the trial judge erred in failing to grant his motion for a directed verdict or, alternatively, his motion for a judgment notwithstanding the verdict. Motions for directed verdicts and motions for judgments notwithstanding the verdict challenge the sufficiency of the evidence used to convict.
 
 Fleming v. State,
 
 732 So.2d 172, 182(¶ 33) (Miss.1999) (citing
 
 Noe v. State,
 
 616 So.2d 298, 302 (Miss.1993)). “When reviewing a case for sufficiency of the evidence, ‘the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ”
 
 Brown v. State,
 
 970 So.2d 710, 712-13(¶ 7) (Miss.2007) (quoting
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). “If, keeping in mind the reasonable-doubt standard, ‘reasonable and fair-minded [jurors] in the exercise of impartial [judgment] might reach different conclusions on every element of the offense,’ the evidence will be deemed to have been sufficient.”
 
 Id.
 
 at 713(¶ 7) (quoting
 
 Edwards v. State,
 
 469 So.2d 68, 70 (Miss.1985)).
 

 ¶ 14. We conclude that reasonable, fair-minded jurors could have found Hawkins guilty of attempted burglary of an automobile, as the evidence shows that Hawkins approached a vehicle prior to approaching the Nissan Sentra; he then made his way to the Nissan Sentra, looked inside, and broke its window. Investigator Graham, James, and Hawkins testified at trial. The jury must have found Hawkins’s testimony less credible than that of Investigator Graham and James. “[T]he jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses.”
 
 Luster v. State,
 
 515 So.2d 1177, 1180 (Miss.1987) (citing
 
 Gathright v. State,
 
 380 So.2d 1276, 1278 (Miss.1980)). There is nothing to support Hawkins’s assertion that the evidence was insufficient to sustain his conviction. There is no merit to this issue.
 

 ¶ 15. Finally, Hawkins argues that his sentence is unconstitutionally disproportionate to the crime of attempted burglary of an automobile. Hawkins relies on
 
 Solem v. Helm,
 
 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) to support his contention that his sentence of life without the possibility of parole in the custody of the Mississippi Department of Corrections is unconstitutional. In
 
 Solem,
 
 the United States Supreme Court set the standard for proportionality as follows:
 

 a court’s proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
 

 Solem,
 
 463 U.S. at 292, 103 S.Ct. 3001. Hawkins argues that his sentence runs afoul of the three-pronged analysis in
 
 So-lem.
 
 We point out that the United States Supreme Court subsequently held that
 
 “Solem
 
 was simply wrong; the Eighth Amendment contains no proportionality guarantee.”
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). We also note that the Mississippi Supreme Court held in
 
 Hoops v. State,
 
 681 So.2d 521, 538 (Miss.1996) (quoting
 
 Smallwood v. Johnson,
 
 73 F.3d 1343, 1347 (5th Cir.1996)) that “[i]n light of
 
 *129
 

 Harmelin,
 
 it appears that
 
 Solem
 
 is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross dis-proportionality.’ ”
 

 ¶ 16. Hawkins was convicted of attempted burglary of an automobile and sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2007) which provides:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence
 
 shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 (Emphasis added). It is clear that under the facts of this case if Hawkins were found guilty of the charge of attempted burglary of an automobile, he could be sentenced as a habitual offender under section 99-19-83, as he has one previous conviction for robbery and two for burglary. It is well established that “[s]entenc-ing is within the complete discretion of the trial court and [is] not subject to appellate review if it is within the limits prescribed by statute.”
 
 Hoops,
 
 681 So.2d at 537 (citing
 
 Reynolds v. State,
 
 585 So.2d 753, 756 (Miss.1991)). We find no merit to this issue, as Hawkins’s sentence was within the statutory limits. Thus, no further analysis pursuant to
 
 Solem
 
 is required.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF ATTEMPTED BURGLARY OF AN AUTOMOBILE AND SENTENCE AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Investigator Graham staled that he did not see what Hawkins used to break the glass.
 

 [2]
 

 . Investigator Graham was clear that James did not exit the vehicle at any time.