# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01359-COA

**DARYL HAWKINS**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

DATE OF JUDGMENT:              08/21/2019
TRIAL JUDGE:                  HON. TOMIE T. GREEN
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       DARYL HAWKINS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                             BY: ALLISON KAY HARTMAN
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 02/02/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., GREENLEE AND McDONALD, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In 1999, a Hinds County grand jury indicted Daryl Hawkins for armed robbery. In 2001, Hawkins pled guilty to the lesser-included offense of "simple" or "strong arm" robbery. The court sentenced Hawkins to two years in the custody of the Department of Corrections with one year suspended, one year to serve, and one year of supervised probation. Hawkins was then released based on credit for time served.

¶2.     Several years later, Hawkins was convicted of attempted auto burglary in Bolivar County. The court sentenced him to life imprisonment as a violent habitual offender. *See* Miss. Code Ann. § 99-19-83 (Rev. 2015). This Court affirmed Hawkins's conviction and

sentence. *Hawkins v. State*, 11 So. 3d 123 (Miss. Ct. App. 2008), *cert. denied*, 12 So. 3d 531 (Miss. 2009). Hawkins subsequently filed five applications for post-conviction relief in the Mississippi Supreme Court. The Supreme Court denied each application and warned Hawkins that additional filings might be deemed frivolous and could result in sanctions. *Hawkins v. State*, No. 2010-M-00053 (Miss. June 10, 2014) (panel order).

¶3. In 2018, Hawkins filed a motion for post-conviction relief (PCR) attacking his 2001 robbery conviction.[1] Hawkins alleged that his conviction should be set aside based on "newly discovered evidence," but he did not provide any information about the evidence. He also alleged that the circuit court "breached his plea agreement" by sentencing him for "strong arm robbery" after he pled guilty to "robbery." He further alleged that there was insufficient evidence to convict him and that the evidence against him was "incorrect." The circuit court denied Hawkins's motion as untimely and without merit.

¶4. Hawkins appealed. On appeal, Hawkins continues to argue that he has "newly discovered evidence," but he still does not provide any information about the evidence. He also argues that there is "insufficient" evidence to support his conviction.

¶5. We affirm. A PCR motion must be filed within three years after a conviction based on a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Hawkins's motion is barred by the statute of limitations because it was filed nearly seventeen years after his conviction.

---

[1] Hawkins had long since finished serving his sentence for that conviction, but the conviction served as one of the predicate felonies for his subsequent life sentence as a habitual offender. *See Jackson v. State*, 287 So. 3d 1060, 1062 (¶18) (Miss. Ct. App. 2019) (holding that a prisoner has standing to challenge a prior conviction that serves as a predicate felony for a subsequent habitual offender sentence even if the prisoner has completed his sentence for the prior conviction).

2

¶6. Hawkins alleges that the statute of limitations does not apply and that he is entitled to an evidentiary hearing because he has "newly discovered evidence." There is an exception to the statute of limitations for "cases in which the petitioner can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]" *Id.* § 99-39-5(2)(a)(i). However, Hawkins has provided no information regarding his "newly discovered evidence." He simply asserts that such evidence exists. This is insufficient for Hawkins to "demonstrate" that he fits within the exception to the statute of limitations. *Id.*; *see Council v. State*, 976 So. 2d 889, 904 (¶39) (Miss. Ct. App. 2007) (holding that the defendant's "newly discovered evidence" claim failed because she "provide[d] . . . no information regarding the newly found evidence"). Moreover, the circuit court did not err by dismissing Hawkins's motion without a hearing. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015) (providing that the circuit court may summarily dismiss a PCR motion without a hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief"); *Puckett v. State*, 879 So. 2d 920, 936-37 (¶¶45-46) (Miss. 2004) (holding that a claim for relief "must be alleged with specificity" and that a "conclusory allegation" is insufficient to survive summary dismissal under section 99-39-11(2)).

¶7. In addition, it is well settled that a guilty plea waives the defendant's right to require the State "prove each element of the offense beyond a reasonable doubt." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). When Hawkins pled guilty and admitted that he

3

committed a robbery, he waived the right to hold the State to its proof.

¶8.     Finally, Hawkins's claim that he was improperly convicted of "strong arm robbery" rather than "robbery" is without merit. "'Simple robbery' and 'strong arm robbery' are one and the same." *Clark v. State*, 854 So. 2d 1086, 1088 (¶9) (Miss. Ct. App. 2003).

¶9.     For the foregoing reasons, the circuit court correctly denied Hawkins's PCR motion as untimely and without merit.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**